**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Eugene L. Griffin, Jr., and Beth King Griffin, Appellants,

v.

Arden Chase Homeowners' Association, Inc.,
Respondent.

Appellate Case No. 2018-002028

———————

Appeal From Anderson County
R. Lawton McIntosh, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-080
Heard September 13, 2021 – Filed February 16, 2022

———————

**REVERSED AND REMANDED**

———————

Daniel L. Draisen, of The Injury Law Firm, PC, of
Anderson, for Appellants.

James W. Logan, Jr. and Stacey Todd Coffee, both of
Logan & Jolly, LLP, Ernest Caskey Trammell, of
Trammell & Mills Law Firm, LLC, and J. Franklin
McClain, all of Anderson, for Respondent.

———————

**PER CURIAM:** In this action, homeowners argue that the circuit court erred in granting summary judgment against their claim that the Architectural Control

Committee (ACC) of the Arden Case Homeowners' Association arbitrarily and capriciously rejected their request to build a garage for their recreational vehicle. We reverse and remand.

## FACTS/PROCEDURAL HISTORY

In 2016, Eugene and Beth Griffin (collectively, Owners) decided to build a 24-foot high garage for their recreational vehicle on their property in the Arden Chase subdivision. After an initial, contested, and ultimately rescinded approval by the ACC, litigation ensued.

The case before this court marks the third in a series of lawsuits centered on Owners' planned garage. The initial case focused on, among other things, the contention that the garage's door faced Arden Chase Street, a violation of the neighborhood's restrictive covenant's prohibition on garages opening "to the roadway in front of the residence." The Hon. R. Scott Sprouse issued a ruling finding the structure ran afoul of the covenant.

> [A]s noted above, a straight line extended from the front of the proposed garage intersects Arden Chase Street before it intersects Concord Road. Since this path collides with Arden Chase Street in roughly the same area that the front door faces, it is impossible to consider it differently. This strikes the [c]ourt as the obvious purpose of the restriction.

Judge Sprouse then provided an instruction for resolving the issue: "[Owners] can bring their proposed garage into compliance by changing its direction so that a straight line from each corner of the side of the garage containing the door intersects Concord Road instead of Arden Chase Street."

Additionally, Judge Sprouse provided "interpretation of the restrictions in dispute so as to guide future board members of the ACC when they evaluate future projects submitted to them for approval." As part of that, the circuit court provided a definition for "open to the roadway":

> "Open to the roadway" shall be defined as meaning that a straight line drawn from at least one of the two front corners of the proposed structure intersects Arden Chase Street prior to intersecting a neighboring lot line, Concord Road or the outer boundary of the subdivision.

Following the ruling, Owners wished to simply realign the building by turning the wall with the door on it so that the wall did not face the street, then adding walls connecting the door to the building. The ACC maintained that the entire garage needed to be turned.

In the second lawsuit, the homeowners' association attempted to halt construction of the garage. On September 11, 2017, the Hon. R. Lawton McIntosh granted summary judgment in favor of Owners, "without prejudice to either party to have the issue of compliance with Judge Sprouse's order determined by Judge Sprouse."[1] The association decided to seek the potential guidance. Judge Sprouse explained in an October 13 order:

> The [c]ourt's intent in the previous order was that the structure as indicated on the submitted plans[] was allowed on the condition that the entire structure was turned to comply with the restrictive covenants. The Defendants' modified plan, which slightly increases the square footage of the building and changes the configuration of the front of the building so that only one wall is turned, would constitute a new plan which would require submission to the board. Modification, however slight, of the building as configured on the plan submitted to the [c]ourt in the trial[] would be a different plan.

Later in the order, Judge Sprouse noted that "an unreasonable rejection of a reasonable plan is actionable."

The ACC subsequently rejected two sets of plans from Owners. On December 1, the ACC wrote the board of the homeowners association to formally notify them of the matter. On December 5, the homeowners' association board wrote a letter to Owners threatening to exercise its right of abatement. At this point, the garage was finished. (According to one of Owners' filings contained in the record, the garage "was completed in late November.")

On December 12 and December 18, counsel for Owners again sent plans to the ACC. On December 22, the homeowners' association responded that it still "intend[ed] to pursue its right of abatement unless the requested action is taken."

---

[1] We have used lower-case letters; the judgment used all capital letters.

Five days later, Owners filed the *current* lawsuit against the homeowners' association, seeking a declaratory judgment finding "the disapproval by the ACC and the HOA improper, unjustifiable, arbitrary and malicious" and "the detached garage structure as constructed and where constructed by the Griffins to be in compliance with the Restrictive Covenants, in character with other structures in the neighborhood, and allowed as a matter of law." The complaint also included a claim of malicious prosecution and a request for "a preliminary and permanent injunction prohibiting the Defendant from taking any action to 'abate' the Plaintiffs' detached garage pending the final adjudication of the within matter." The HOA counterclaimed, asking the court to order the garage to be destroyed and allow the HOA "to exercise the Right of Abatement."

Both parties subsequently moved for summary judgment. Six days after a hearing on May 11, 2018, Judge McIntosh issued a Form 4 order in favor of the HOA. The court held:

> There is no genuine issue of material fact that the Griffins did not comply with the approval requirements of Arden Chase's recorded, [restrictive] covenants by obtaining approval before con[s]tructing the present structure. The[re] is also no genuine issue of material fact that the [G]riffins did not comply with Judge Sprouse's unappealed orders.

On August 9, Judge McIntosh issued a full order. Owners filed a Rule 59(e) motion asking the court to reconsider, alter, or amend its judgment. Judge McIntosh denied the Rule 59(e) motion. He additionally found that the garage as built violated the clarifying order because "the straight line from one of the sides containing the garage door intersects Arden Chase Road Right-of-Way prior to intersecting a neighboring lot line, Concord Road, [or] the outer boundary of the subdivision." (Emphasis in original). This appeal follows. We reverse.

## LAW/ANALYSIS

First, the circuit court erred in finding the roadway included the right-of-way. Under South Carolina law, the road certainly encompasses the right-of-way. *See* S.C. Code Ann. § 57-3-120(1) (2018) ("'Highway', 'street', or 'road' are general terms denoting a public way for the purpose of vehicular travel, *including the entire area within the right-of-way* . . . .") (emphasis added). However, the term "roadway," is defined later—and differently—in the same section of the Code. *See* § 57-3-120(4) (2018) ("'Roadway' shall mean that portion of a highway improved, designed, or

ordinarily used for vehicular travel, *exclusive of the shoulder or berm*.") (emphasis added).

Judge Sprouse's offhanded reference in his initial order to a street, in the test of whether one of the imaginary lines "intersects Arden Chase Street prior to intersecting a neighboring lot line, Concord Road or the outer boundary of the subdivision[,]" does not change the fact that the covenant he was interpreting speaks of the *roadway* in its restriction. Thus, the definition of roadway under South Carolina law determines whether the right-of-way should be considered for the purposes of complying with the covenant.

Additionally, Judge Sprouse's order specifically allowed for the redress of any wrongful action by the ACC: "As pointed out at the hearing, *an unreasonable rejection of a reasonable plan is actionable*." (Emphasis added). In the action currently before us, the circuit court never ruled on the issue of whether the decision by the ACC was arbitrary; instead, the circuit court specifically stated in a footnote that it was not ruling on that issue.

Given that, we find there are issues of material fact that still need to be resolved by the circuit court. *See Englert, Inc. v. Leafguard USA, Inc.*, 377 S.C. 129, 133–34, 659 S.E.2d 496, 498 (2008) ("When reviewing a grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP. Summary judgment is appropriate when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (citations omitted) (quoting Rule 56(c), SCRCP)); *id.* at 134, 659 S.E.2d at 498 ("Moreover, since it is a drastic remedy, summary judgment should be cautiously invoked so that a litigant will not be improperly deprived of a trial on disputed factual issues."); *id.* ("Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law."); *Wilson v. Style Crest Prods., Inc.*, 367 S.C. 653, 656, 627 S.E.2d 733, 735 (2006) ("Even when there is no dispute as to the evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied.").

## CONCLUSION

Accordingly, the ruling of the circuit court is

**REVERSED AND REMANDED.**

**THOMAS and GEATHERS, JJ., and HUFF, A.J., concur.**